IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEVON TYRONE DEAN,**
**ALIEN # A91-447-937,**

    **Petitioner,**

vs.                                Case No. 4:08cv207-RH/WCS

**MICHAEL B. MUKASEY, et al.,**

    **Respondents.**

                                        /

## REPORT AND RECOMMENDATION

Petitioner initiated this case on May 5, 2008, doc. 1, by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner was being detained at the Wakulla County Jail in Crawfordville, Florida, and alleged being held in detention, after entry of a final order of removal, for more than six months.  Doc. 1.  Petitioner claimed that Respondents were unable to effect his removal to his native country of the Bahamas, or in the alternative, to Jamaica, yet refused to release him.  *Id.*  Petitioner was not challenging the validity of the removal order, only his indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001).  *Id.*

Finding the petition sufficient, service was ordered and Respondents were directed to file an answer or other appropriate pleading to the petition.  Doc. 3.  On July 2, 2008, Respondents filed a motion to dismiss the petition.  Doc. 11.  Respondents assert that Petitioner was released from custody on June 18, 2008, because "the government of the Bahamas declined to issue Petitioner travel documents."  *Id.,* at 2.  Thus, Respondents state that this case is moot because Petitioner has received the relief sought in the petition and there is nothing left for the court to do.  *Id.*

Attached to the motion to dismiss is a document showing that Petitioner was released to an order of supervision.  Doc. 11-2.  There is no forwarding address provided for Petitioner, however, and Respondents have provided Petitioner's last known address at the Wakulla County Jail in the certificate of service.  Doc. 11, p. 4.  This report and recommendation will not reach Petitioner such that he could object.  Nevertheless, it is appropriate to grant the motion to dismiss even without providing an opportunity to Petitioner to respond to the motion to dismiss because Petitioner's release from custody has mooted his petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, doc. 11, this § 2241 petition be **GRANTED** because this petition is now moot.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.